UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY P. SIBILIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 05-10096-PBS |
| JOHN W. SNOW, Secretary of the Treasury, | ) ) ) |
| Defendant. | ) ) |

## ANSWER

In answer to the allegations of the Complaint, Defendant avers and states as follows in response to the enumerated paragraphs:

1. The Defendant admits that Plaintiff is an employee of the United States Department of the Treasury, Internal Revenue Service (IRS), Criminal Investigation (CI). The remainder of the allegations contained in paragraph 1 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

2. The Defendant admits the allegations of paragraph 2 of the Complaint, except that avers that plaintiff has been employed as a Special Agent for almost thirteen years.

3. The Defendant admits the allegations of paragraph 3 of the Complaint, except that it denies that the Internal Revenue Service (IRS) is a federal agency.

4. The allegations contained in paragraph 4 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

5. The allegations contained in paragraph 5 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

6. The allegations contained in paragraph 6 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

7. The Defendant admits that on December 8, 2001, the Plaintiff filed a Complaint of Employment Discrimination (Case No. TD-02-3051) after meeting with an E.E.O. counselor.

8. The Defendant admits the allegations of paragraph 8.

9. The Defendant admits the allegations of paragraph 9, except that the Defendant is without sufficient knowledge or information to form a reasonable belief as to the truth of the allegations regarding the date of plaintiff's receipt of a right to file a civil action in Federal District and therefore denies same. The Defendant admits that the plaintiff was given such right on or after October 20, 2004.

10. The Defendant admits that the Department of Treasury has not rendered a final decision. The remaining allegations contained in paragraph 10 are not statements of fact but are conclusions of law to which no answer is required.

11. The Defendant incorporates and restates its answers to paragraphs 1-10.

12. The Defendant admits that in August of 1996, plaintiff participated in the investigation of a formal complaint of discrimination filed by a co-worker, Carrie

Marra, claiming gender based harassment. The Defendant denies the remainder of paragraph 12.

13. The Defendant denies the allegations contained in paragraph 13.

14. The Defendant denies the allegations contained in paragraph 14.

15. The Defendant admits that the plaintiff initiated informal counseling in 1996 but avers that plaintiff sought counseling on September 30, 1996. The Defendant admits that Plaintiff filed a formal complaint on November 12, 1996, but avers that plaintiff claimed he was retaliated against based on his prior participation in the E.E.O. process based on allegations that his manager, Donato Niro, made threatening remarks to him. The Defendant denies all other allegations of paragraph 15.

16. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and they are therefore denied.

17. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17, and they are therefore denied.

18. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, and they are therefore denied.

19. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and they are therefore denied.

20. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20, and they are therefore denied.

21. The Defendant admits that Ms. Marra filed her E.E.O. complaint in Federal District Court but avers her case was settled in January 1999. The Defendant lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 regarding Plaintiff's activities on behalf of Ms. Marra, and they are therefore denied.

22. The Defendant admits the Brockton post of duty was closed in December 1996 and that as a result agents including plaintiff were transferred to other offices. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22, and they are therefore denied.

23. The Defendant denies the allegations contained in paragraph 23.

24. The Defendant denies the allegations contained in paragraph 24.

25. The Defendant denies the allegations contained in paragraph 25.

26. The Defendant admits that plaintiff was not reassigned to the Brockton post of duty. The Defendant denies the remaining allegations contained in paragraph 26.

27. The Defendant denies the allegations contained in paragraph 27.

28. The Defendant denies the allegations contained in paragraph 28.

29. The Defendant denies the allegations contained in paragraph 29.

30. The Defendant denies the allegations contained in paragraph 30.

31. The Defendant denies the allegations contained in paragraph 31.

32. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's allegation that in August of 1999, his supervisor, Peter Benevento received a lateral assignment contained in paragraph 32, and they are therefore denied. The Defendant denies the remaining allegations contained in paragraph 32.

33. The Defendant admits that the plaintiff was not selected for promotion to a GS-13 Criminal Investigator under vacancy announcement number 06-10-9NC1004. The Defendant denies the remaining allegations contained in paragraph 33.

34. The Defendant admits that Peter Benevento and Michael Lahey worked in the same office from approximately 2000 to June 2002. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding whether they worked "closely" contained in paragraph 34, and they are therefore denied. The Defendant denies the remaining allegations contained in paragraph 34.

35. The Defendant admits that plaintiff was not selected for promotion to a GS-13 Criminal Investigator under vacancy announcement number 06-10-9NC1004. The Defendant denies the remaining allegations contained in paragraph 35.

36. The Defendant admits that plaintiff was not selected for promotion to a GS-13 Criminal Investigator under vacancy announcement number 06-10-9NC1004. The Defendant denies the remaining allegations contained in paragraph 36.

37. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, and they are therefore denied.

38. The Defendant admits that plaintiff was not selected for promotion to a GS-13 Criminal Investigator under vacancy announcement number 06-10 MNCI1006. The Defendant denies the remaining allegations contained in paragraph 3.

39. The Defendant admits that plaintiff was not reassigned to the Brockton post of duty on October 11, 2001. The Defendant denies the remaining allegations contained in paragraph 39.

40. This paragraph constitutes plaintiff's mental impressions to which no response is required. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and they are therefore denied.

41. The paragraph constitutes plaintiff's mental impressions to which no response is required. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41, and they are therefore denied.

42. This paragraph constitutes plaintiff's mental impressions to which no response is required. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and they are therefore denied.

43. The Defendant denies the allegations contained in paragraph 43.

44. The Defendant denies the allegations contained in paragraph 44.

45. The Defendant incorporates and restates its answers to paragraphs 1-44.

46. The Defendant denies the allegations contained in paragraph 46.

47. The Defendant denies the allegations contained in paragraph 47.

48. The Defendant admits that Bruce Traina was made aware of plaintiff's prior E.E.O. involvement in 2002. The Defendant lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 48, and they are therefore denied.

49. The Defendant denies the allegations contained in paragraph 49.

50. The Defendant denies the allegations contained in paragraph 50.

51. The Defendant admits that plaintiff was counseled in June 2002 by ASAC Benevento regarding his inappropriate possession of membership passes given to him by a firearms training facility. The Defendant denies the remaining allegations contained in paragraph 51.

52. The Defendant admits that in June 2002, Supervising Special Agent Edward Delehanty advised plaintiff that his special agent report was deficient. The Defendant denies the remaining allegations contained in paragraph 52.

53. The Defendant admits that the plaintiff sought E.E.O. counseling in July 2002. The remaining allegations in paragraph 53 constitutes plaintiff's mental impressions to which no response is required. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53, and they are therefore denied.

54. The Defendant admits that on August 5, 2002, SSA Bruce Traina did not submit plaintiff's application package for Vacancy Announcement Number CIM-02-LDP-ELP for the Leadership Development Program (LDP). The Defendant denies the remaining allegations contained in paragraph 54.

55. The Defendant admits that ASAC Benevento and SSA Traina met with the plaintiff on August 7, 2002, regarding his conduct and work performance and that the plaintiff

was told he was not a team player. The Defendant denies the remaining allegations contained in paragraph 55.

56. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and they are therefore denied.

57. The Defendant admits that the plaintiff submitted an essay to SSA Traina regarding the Education Mentorship Program and that SSA Traina recused himself from providing a recommendation and forwarded the plaintiff's essay to ASAC Benevento. The Defendant denies the remaining allegations of paragraph 57.

58. The Defendant admits that in late November and early December 2002, SSA Traina did not certify plaintiff's application for participation in the Leadership Candidate Identification Program and ASAC Benevento concurred with the determination. The Defendant denies the remaining allegations contained in paragraph 58.

59. The Defendant admits that the plaintiff was issued written counseling by SSA Traina regarding parking his government owned vehicle in the basement of the JFK Building and for submitting inaccurate monthly reports. The Defendant denies the remaining allegations contained in paragraph 59.

60. The Defendant admits the allegations of paragraph 60.

61. The Defendant admits that on January 29, 2003, SSA Traina informed the plaintiff that he did not believe that the plaintiff was ready for management, but offered to discuss the Leadership Development Program with the plaintiff later in the week. The Defendant denies the remaining allegations contained in paragraph 61.

62. The Defendant denies the allegations contained in paragraph 62.

63. The Defendant admits that on January 31, 2003, the plaintiff was issued written counseling by SSA Traina regarding seized currency and coin. The Defendant denies the remaining allegations contained in paragraph 63.

64-77. These allegations set forth new issues which were not part of plaintiff's administrative complaints of discrimination (TD Nos. 02-3051 and 02-3230). Therefore, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 64-77, and they are therefore denied.

The final paragraphs beginning with the word "WHEREFORE" set forth demands for judgment for which no responsive pleading is required. To the extent a response may be required, the allegations set forth in these paragraphs are denied.

All allegations not specifically admitted herein are specifically denied.

## FIRST DEFENSE

Plaintiff has failed to exhaust his administrative remedies in a timely manner with respect to Counts I and III of his claims. The court lacks jurisdiction over plaintiff's claims to the extent that plaintiff failed to initiate contact with an Equal Employment Opportunity Counselor within 45 days of the action(s) of matter(s) alleged to be discriminatory, pursuant to 29 C.F.R. § 1614.105 and/or failed to file a formal complaint of discrimination within 15 days after receipt of a notice of the right to file a formal administrative complaint, pursuant to 29 CFR § 1614.604.

## SECOND DEFENSE

Plaintiff's claims should be dismissed to the extent that they were not raised in the administrative process.

## THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

## FOURTH DEFENSE

Plaintiff has failed to state a claim for which relief can be granted.

## FIFTH DEFENSE

All actions taken by the Defendant with respect to plaintiff's employment were non-discriminatory and were based on good faith and were not in violation of any federal law prohibiting discrimination or retaliation. Accordingly, the plaintiff is barred from recovery in this action.

## SIXTH DEFENSE

Plaintiff cannot recover compensatory damages in excess of $300,000, as set forth in 42 U.S.C. § 1981a(b).

## SEVENTH DEFENSE

Plaintiff has failed to mitigate his damages.

## EIGHTH DEFENSE

Plaintiff is not entitled to a jury trial with respect to any claims for declaratory, equitable or injunctive relief.

WHEREFORE, having fully answered Plaintiff's Complaint, defendant John P. Snow, Secretary of the United States Department of the Treasury, by his attorney,

respectfully moves this Court to dismiss the Complaint, for his costs incurred herein, and for such further relief as is just and proper.

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                                                /s/ Jeffrey M. Cohen
                                    By:   Jeffrey M. Cohen
                                                Assistant U.S. Attorney
                                                John Joseph Moakley Federal Courthouse
                                                One Courthouse Way, Suite 9200
                                                Boston, MA   02210
Dated: April 27, 2005                       (617) 748-3100

## CERTIFICATE OF SERVICE

      I certify that on April 27, 2005, I caused a copy of the foregoing Answer to be served on Plaintiff by first class mail, postage pre-paid to:

Anthony P. Sibilia
10 Dean Street
Mansfield, MA 02048

                                                /s/ Jeffrey M. Cohen
                                                Jeffrey M. Cohen
                                                Assistant U.S. Attorney