UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTHONY P. SIBILIA,<br>Plaintiff<br><br>v.<br><br>JOHN W. SNOW,<br>SECRETARY OF THE TREASURY,<br>Defendant | CIVIL ACTION<br>NO.<br>05-10096-PBS |

## MOTION TO CEASE AND DESIST AND RESTRAIN

The Honorable Patti B. Saris, United States District Judge

Dear Judge Saris:

I make this motion in order to cause the agency for which I am employed, Department of the Treasury, Internal Revenue Service, Criminal Investigation to end all activities as identified herein and those related practices that are in retaliation for my EEO participation. As I have stated in my complaint (Civil Action No. 05-10096-PBS), the defendant, through his agents has demonstrated a clear pattern of continuous and on-going aggressive and confrontational harassment to discourage my further EEO involvement and to punish me for my prior EEO involvement. In the matter at hand, I was subjected to threatening and intimidating statements that were made to me by my second-line supervisor, David Bergan, Assistant Special Agent in Charge (ASAC). These statements revolve around my current complaint (05-10096-PBS) and are also related to my participation in EEO matters and demonstrate what I have and continue to be subjected to on an ongoing basis.

In particular, on 07/15/2005, I was called to a meeting with ASAC David Bergan and my first-line supervisor, Judy O'Briant. During that meeting, Bergan made the following threatening and intimidating statements to me:

> "You've fought the good fight against management"

> "Ten years from now, I don't want you to look back with regret at the things you are doing now." "Ten years from now, I hope you are in management, which is up to you and can happen if you do the right things now."
>
> "You're obsessing about things."
>
> "You're doing things here (motioning with his hands to one side of his body) when you should be doing things here (motioning with his hands to the other side of his body)-in order to further your career."
>
> "Your performance may be negatively evaluated concerning a few critical elements, to include communication and timeliness. However, the evaluation is not completed and may not reflect a down-grade at all"...it is up to you to bring the evaluation up to levels of satisfactory.

It should be noted that four days earlier, 07/11/2005, Bergan participated, as the agency representative, in a Mediation meeting concerning my civil complaint (Civil Action No. 05-10096-PBS). During said meeting I provided an in depth account of my complaint to the mediator, which Bergan was present.

In regards to the 07/15/2005 meeting, the whole premise behind said meeting was suspicious and further supports this motion and my related claims of retaliation. That is, (1) I was told that said meeting was for my mid-year review. However, my mid-year review should have been conducted in March, since my evaluation period runs from 10/01 through 09/30. Additionally, such reviews are normally conducted by first-line supervisors and as such, the ASAC, David Bergan, should not have been present. During my career, I have never had a review that was attended by my ASAC and in this case, not only did ASAC Bergan attend the meeting, he also conducted said meeting. (2) The meeting primarily addressed my performance relative to a particular case that I was involved. In regards to said case, I was told that my performance may be negatively evaluated concerning a few case related 'critical elements', to include communication and timeliness. However, I was also told that my evaluation for said case was not completed and that it may not reflect a down-grade at all and that it was up to me to bring the evaluation up to levels of satisfactory. During my career, I have never received a case appraisal that was anything less than fully satisfactory. Additionally, case appraisals are normally prepared and provided to agents prior to discussions concerning same and are provided when all investigative actions are complete, which in this case has not happened. In this instance, the case

appraisal is being used more like a threat/bargaining tool, than anything else and appears to be associated with my civil/EEO matters. And, lastly (3) just prior to ASAC Bergan's above mentioned threatening and intimidating statements, Bergan informed me that the other reason for the meeting was to discuss my interest in the FLRP (Front Line Readiness Program – for supervisory positions/promotions). However, I was not provided with any type of guidance relative to my entry into said program, rather, Bergan qualified his subsequent threatening and intimidating statements by stating that he may be out of place by making those statements and that they may sound demeaning.

It is apparent to me that the nature of the meeting on 07/15/2005 was to threaten and intimidate me with the intention that such actions will dissuade my current course of action, concerning civil and related EEO matters. Throughout my career I have never disobeyed an order from a supervisor nor have I been insubordinate, to the contrary, I have earned various accolades concerning my work and my involvement with fellow-agents. However, during the past few years, I have been subjected to various actions taken by specific supervisors who have been directly involved in complaints that I have been party. These supervisors have taken retaliatory actions against me that are very similar to the actions as identified herein. Furthermore, the statements made to me by ASAC Bergan, demonstrate a continued negative characterization of me that continues to occur in an attempt to discredit my performance and related accomplishments in the eyes of my direct line supervisors and fellow agents.

In the matter at hand, the statements that were made on 07/15/2005, as well as the very nature of said meeting serves to have a potentially chilling effect on the ultimate tool, which employees, such as myself, have to enforce EEO laws, the filing of a complaint. Similarly, retaliatory statements in matters concerning civil complaints, as in this case, also have the potential to cause irreparable harm to the public interest in enforcing laws by deterring others from filing similar charges. The agency has a continuing duty to promote the full realization of EEO laws and policies. On 07/11/2005, ASAC Bergan participated in a court order Alternative Dispute Resolution Hearing as an agency representative, four days later, he calls a meeting under pretences that are very suspect and tells me that I've fought the good fight against management, I'm obsessing about things and that it is up to me to do the right things now. It is very clear to

me that these statements revolve around my civil claim and were made in an attempt to quell same. Likewise, I believe that my continued participation in said matters will negatively affect my performance and/or my advancement opportunities. Not only do these statements serve to impede or interrupt protected activities, they are also part and parcel of my hostile work environment claim.

As part of this motion, I am seeking to restrain the government (Department of the Treasury, IRS/Criminal Investigation) from pursuing any further action that may negatively affect my civil claim. In doing so, I request that I be immediately removed out from the supervision of Supervisory Special Agent Judy O'Briant and Assistant Special Agent in Charge David Bergan. And that furthermore, my supervisory oversight, be transferred to a group outside of the purview of SSA O'Briant and/or ASAC Bergan, such as group 02, located in RI, which is not overseen by either of these individuals.

Respectfully submitted,

Anthony P. Sibilia, Pro se

Date: 07/18/05

## CERTIFICATE OF SERVICE

I certify that on July 18, 2005, I caused a copy of the foregoing to be served on the Defendant's representative by first class mail, postage prepaid to:

Jeffrey M. Cohen, Assistant U.S. Attorney
John Joseph Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210
(617)748-3100