UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY P. SIBILIA,
    Plaintiff

v.

JOHN W. SNOW,
SECRETARY OF THE TREASURY,
    Defendant

CIVIL ACTION
NO. 05-10096-PBS

*FILED IN CLERK'S OFFICE*
*2006 MAR 15 P 1:49*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

### PLAINTIFF'S MOTION TO OPPOSE DEFENDNAT'S MOTION FOR A LEAVE TO FILE HIS MOTION FOR SUMMARY JUDGEMENT

I Anthony P. Sibilia, *pro se* plaintiff, submit this Opposition Motion to defendant's Motion for Leave to File Motion for Summary Judgment. On 03/10/2006, the plaintiff received the defendant's aforementioned Motion dated 03/06/06, which was *postmarked* 03/08/2006. For the reasons set forth below, the plaintiff hereby moves this Court to oppose the defendant's Motion and in support of his Opposition Motion, the plaintiff states the following:

1. On 06/16/2005 this Court issued a Scheduling Order that set forth time frames relative to discovery and other related Motions, to include Dispositive Motions. In particular, this Court set a deadline for the filing of Dispositive Motions, being 03/01/2006;

2. On 02/28/2006, the defendant's representative contacted the plaintiff to inform plaintiff that he was going to file a Motion to Dismiss. During the conversation that ensued, the defendant engaged plaintiff in discussions pertaining to his ongoing discrimination claims/matters, as well as settlement discussions. The conversation ended when it was determined that a potential settlement could not be reached. As a result, the defendant stated that he would file his Motion to Dismiss;

3. Within minutes of the above mentioned contact, the defendant's representative contacted the plaintiff regarding the potential to mediate the above identified complaint (05-10096), as well as other related claims filed by the plaintiff. Extensive conversation ensued

      relative to the potential for mediation success. As a result, the defendant filed a joint Motion to mediate a 'global settlement' and to extend the deadline for filing Dispositive Motions;

4. As a result of the aforementioned contacts, the Plaintiff believed; (1) that the defendant was going to file his Motion to Dismiss on 02/28/2006 and, (2) that mediation efforts, which have previously failed would now be pursued more favorably;

5. On 03/01/06 this Court allowed the Joint Motion for a Reference to Mediation, but held that the Dispositive Motion schedule will remain in effect;

6. On 03/06/06 the defendant filed a Motion for Leave to File Summary Judgment. In doing so, the defendant stated that upon receipt of the Court's order on 03/01/2006, he has worked diligently to finalize his Motion for Summary Judgment and that the late filing of said Motion will not prejudice the Plaintiff;

7. The Plaintiff now believes that the defendant's Joint Motion for a Reference to Mediation was nothing more than a means to uphold his untimely filed Motion for Summary Judgment. That is, mediation efforts have previously been pursued without success. In fact, on or about 07/11/2005, pursuant to the Court's Scheduling Order, the plaintiff and defendant engaged in extensive mediation/settlement discussions, which were not successful. Furthermore, based on the defendant statements concerning the preparation of his Motion to Dismiss, that Motion was not complete nor near completion at the time indicated. If the defendant was in a position to file his Motion to Dismiss when indicated, 02/28/2006, he certainly would have filed said motion upon receipt of the Court's order to maintain the briefing schedule, on 03/01/2006;

8. By his own admission, the defendant was aware of the Court's Scheduling Order, which set forth relevant time frames concerning plaintiff's complaint. To include, the deadline for filing Dispositive Motions, being 03/01/2006. Furthermore, the defendant states that his Motion for Summary Judgment was not finalized as of 03/01/2006, "due to the parties

filing their joint Motion for a Reference to Mediation in an effort to resolve this case without having to file such a motion."

9. The plaintiff would not have agreed to file a joint Motion for a Reference to Mediation if he was made aware that the defendant's Motion to Dismiss was not going to be filed timely. That is, the defendant's actions (paragraphs 2, 3 and 4) have caused the plaintiff harm, in that the plaintiff's decisions were influenced by incomplete information. As previously stated, the plaintiff believed that the defendant's Motion for Summary Judgment was going to be filed on 02/28/2006, before the deadline for filing said Motion. Likewise, subsequent discussions with the defendant concerning the potential for mediation success reinforced the defendant's position that the Court's briefing schedule should be suspended.

10. The plaintiff has engaged the Court's Scheduling Order and likewise, has followed said order and has acquiesced to relevant time frames. In fact, during a conversation with the defendant's representative, which occurred in early February 2006, the plaintiff was informed of specific deadlines relative to the Scheduling Order. In particular, the plaintiff was in the process of filing a Motion that would have been untimely. The defendant read the Court's Scheduling Order to the plaintiff in order to show that his Motion was untimely and so, would have been a moot argument. As a result, the plaintiff did not file said Motion.

11. The defendant could have initiated mediation discussions/efforts with the plaintiff at any time prior to 02/28/2006. The defendant's inactions relative to mediation, demonstrate his pursuit to dismiss the plaintiff's case and only when faced with an untimely Motion, did the defendant then turn to mediation in an attempt to maintain the integrity of his Motion. Although the plaintiff has never opposed mediation efforts, he has been frustrated by its results to date. To create the opportunity to prematurely dismiss the plaintiff's case and/or to manifest an undue burden on the plaintiff relative to trial preparation at this time will only serve to harm the plaintiff's case.

Therefore, based on the arguments herein and the plaintiff belief that he has been harmed relative to the defendant's Motions, to include the Joint Motion to Mediate, the plaintiff moves this court to oppose same.

Respectfully submitted,

Date: 03/14/2006                                Anthony P. Sibilia, *pro se Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 15, 2006, I caused a copy of the foregoing to be served on the Defendant's representative by *hand-delivery* to:

Rayford A. Farquhar, Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617)748-3100