```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| ANTHONY SIBILIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-10096-PBS |
| | ) |
| JOHN SNOW, SECRETARY OF THE | ) |
| DEPARTMENT OF THE TREASURY, | ) |
| | ) |
| Defendant. | ) |

**THE DEFENDANT'S RESPONSE TO THE PLAINTIFF'S OPPOSITION TO THE DEFENDANT'S MOTION FOR LEAVE TO FILE HIS MOTION FOR SUMMARY JUDGMENT 5 DAYS LATE**

John Snow, Secretary of the Department of the Treasury (the "defendant"), hereby files his Response to the Plaintiff's Opposition to the Defendant's Motion for Leave to File His Motion for Summary Judgment 5 days late. The plaintiff's Opposition should be denied for the following reasons:

1. On June 16, 2005 the Court set forth a Scheduling Order for the parties to conduct discovery;

2. On October 25, 2005 Assistant U.S. Attorney Rayford A. Farquhar was substituted for Assistant U.S. Jeffrey Cohen;

3. On February 28, 2006, I contacted Anthony Sibilia ("Sibilia") to discuss the content of my Motion for Summary Judgment, as required under the local rules. The parties also discussed Sibilia's career and the fact that he wanted to continue to work for the defendant well into the future. During this

1

     conversation I asked Sibilia whether he would be amenable to mediating the case. He informed me that mediation at the administrative level had been unsuccessful. I informed Sibilia that at the federal level a Magistrate Judge would conduct the mediation and, in my opinion, cases have a better chance of settling because of the wealth of experience the Magistrate Judges bring to the mediation. Sibilia agreed that it would be beneficial to attempt to mediate all of his cases. I told Sibilia that I would have to contact my client before agreeing to attend mediation. I also told Sibilia that mediating the case may be a better way to resolve the issues raised in his complaint rather than through dispositive motions;

4. Following a discussion with my client, I was given authority to agree to mediation. I then contacted Sibilia and told him that I would file a Joint Reference for Mediation and would ask the Court to delay the schedule for dispositive motions until 30 days after the mediation. I specifically told Sibilia that I would be requesting a 30 extension of time following mediation to file dispositive motions, and that this would prevent the parties from having to expend time and effort in filing such motions when the case could be disposed of at mediation. Sibilia agreed with this approach;

5. Sibilia now contends, in his Opposition, that he believed the defendant was going to file his Motion for Summary Judgment on February 28, 2006 (see ¶4 of Plaintiff's Opposition). There is no basis to this contention. The defendant clearly told Sibilia and requested in the Joint Reference to Mediation that dispositive motions would be due 30 days after the mediation, if it was not successful. The parties would not need 30 days to file dispositive motions if the defendant was going to file his Motion for Summary Judgment on February 28, 2006 as Sibilia contends;

6. On March 1, 2006 the Court Allowed the Joint Motion for a Reference to Mediation, but held that the briefing schedule will remain the same;

7. Upon receipt of the Court's Order, counsel for the defendant had two depositions scheduled on Thursday, March 2, 2006 (<u>Ankrah, et. al. v. Gerweck</u>, 04-40249-FDS and <u>Badgaiyan v. Principi</u>, 04-12031-JLT), and on Friday, March 3, 2006 was scheduled with United States Attorney, Michael J. Sullivan, to participate on two extensive telephone conferences regarding the Fernald case (United States Attorney Sullivan has been designated by Judge Tauro as a Special Court Monitor and I have been designated by United States Attorney Sullivan to act in his Monitor role);

8. On Friday, March 3, 2006 the parties received

3

      electronic notice of ADR Conference scheduled for May 23, 2006 at 9:30 a.m.;

9. Between March 1, 2006, when counsel for the defendant received the Court's Order Allowing the Reference to Mediation and Maintaining the Briefing Schedule, and Monday March 6, 2006, counsel for the defendant finalized the exhibits and the 56.1 Statement of Facts, and filed his Motion for Summary Judgment on Monday, March 6, 2006.  The defendant requested leave from the Court to file his Motion on March 6, 2006.  On March 7, 2006 the Court Allowed the defendant's Motion for Leave to file his Motion for Summary Judgment;

10. Counsel for the defendant submitted to the Court that his Motion for Leave to file his Motion for Summary Judgment 5 days late would not alter the Court's schedule, and will not prejudice the plaintiff.  If the plaintiff required an additional 5 days to file his opposition to the Motion for Summary Judgment, his opposition would be due on or before April 6, 2006.  The date of April 6, 2006 will still leave ample time before the April 17, 2006 Pretrial Conference for the Court to decide how it would like to proceed, prior to the Pretrial Conference, given that the case has been referenced to mediation;

11. Counsel for the defendant strongly disagrees with Sibilia that the Joint Request for Mediation was a ploy

4

      to gain more time for filing a dispositive motion. If counsel for the defendant needed more time to complete his Motion for Summary Judgment, he would have filed a motion with the Court. Counsel for the defendant ceased working on the Motion for Summary Judgment based on the request in the Joint Motion for Reference to Mediation seeking a 30 day time period to file dispositive motions if mediation was unsuccessful.

12. On February 28, 2006, Counsel for the defendant took time with Sibilia to discuss his case, his career and his future desires for working at the Department of the Treasury. I have found in my career that litigants, particularly pro se litigants, many times feel frustrated by the legal system as they are fighting with their employer and still want to work for the same employer. Mediation is an extremely helpful tool that works well here in the District of Massachusetts. Just recently in another case before this Court, a case was diverted on the eve of trial to Magistrate Judge Bowler for mediation and the case settled, although the plaintiff never thought that it would. It is in the best interest for this case to be mediated and the Court's schedule has been maintained by the defendant filing a dispositive motion. The plaintiff has the full 30 days, originally envisioned by the Court, to file his opposition. Thus, he has not been prejudiced

5

by the Court's 5 day extension of time granted to the defendant.

WHEREFORE, based on the arguments herein, the defendant moves this Court to deny the plaintiff's Opposition to the defendant's Motion for Leave to file his Motion for Summary Judgment on March 6, 2006.

>JOHN SNOW, SECRETARY OF THE
>DEPARTMENT OF THE TREASURY,
>
>By his attorneys,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Rayford A. Farquhar
>RAYFORD A. FARQUHAR
>Assistant U.S. Attorney
>John J. Moakley U.S. Courthouse
>1 Courthouse Way, Suite 9200
>Boston, MA 02109
>(617) 748-3100

CERTIFICATE OF SERVICE

Suffolk, ss.                          Boston, Massachusetts
                                      March 17, 2006

I, Rayford A. Farquhar, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon Anthony P. Sibilia, 10 Dean Street, Mansfield, MA 02048.

>/s/ Rayford A. Farquhar
>RAYFORD A. FARQUHAR
>Assistant U.S. Attorney

6