UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY P. SIBILIA,
    Plaintiff

v.

JOHN W. SNOW,
SECRETARY OF THE TREASURY,
    Defendant

CIVIL ACTION
NO. 05-10096-PBS

*[Filed stamp: 2006 MAR 27 P 3: 03, U.S. DISTRICT COURT, DISTRICT OF MASS., IN CLERKS OFFICE]*

## MOTION TO RECONSIDER ORDER GRANTING DEFENDANT'S MOTION FOR A LEAVE TO FILE MOTION FOR SUMMARY JUDGEMENT

I Anthony P. Sibilia, *pro se* plaintiff, submit this Reconsideration Motion to this Court's Order granting defendant's Motion for Leave to File Motion for Summary Judgment. First, I apologize to this Court for submitting this Motion out of order. The following are pertinent dates concerning the aforementioned Motion:

    03/06/2006 – Defendant's Motion for Leave to File for Summary Judgment filed.
    03/07/2006 – Courts Order granting above Motion filed.
    03/10/2006 – Plaintiff's receipt of Defendant's Motion, postmarked 03/08/06.
    03/15/2006 – Plaintiff's Opposition Motion filed.
    03/17/2006 – Defendant's Opposition Motion to above Motion filed.
    03/23/2006 – Plaintiff's receipt of Courts Order granting Defendant's Motion.

For the reasons set forth below, the plaintiff hereby moves this Court to reconsider its' Order granting defendant's Motion for Leave to File Motion for Summary Judgment and in support of this Motion, the plaintiff states the following:

1. On 06/16/2005 this Court issued a Scheduling Order that set forth time frames relative to discovery and other related Motions, to include Dispositive Motions. In particular, this Court set a deadline for the filing of Dispositive Motions, being 03/01/2006;

2. On 02/28/2006, the defendant's representative contacted the plaintiff to inform plaintiff that he was going to file a Motion to Dismiss. During the conversation that ensued, the

defendant engaged plaintiff in discussions pertaining to his ongoing discrimination claims/matters, as well as incidental settlement discussions. The conversation ended when it was determined that a potential settlement could not be reached. As a result, the defendant stated that he would file his Motion to Dismiss. At no time during said conversations did the defendant discuss the content of his Motion to dismiss and/or discuss the potential for mediation with plaintiff;

3. Within minutes of the above mentioned contact, the defendant's representative contacted the plaintiff regarding the potential to mediate the above identified complaint (05-10096), as well as other related claims filed by the plaintiff. Extensive conversation ensued relative to the potential for mediation success. As a result of said discussions, both parties agreed to mediation. The defendant indicated that he would file the joint Motion and as part of that Motion, he would request an extension date for filing Dispositive Motions. The Plaintiff agreed with the joint Motion because it was believed; (1) the defendant was going to file a Motion to Dismiss on 02/28/2006 and, (2) mediation efforts, which have previously failed would now be pursued more favorably. The plaintiff was put in a precarious position that was dictated by the defendant's actions;

5. On 03/01/06 this Court allowed the Joint Motion for a Reference to Mediation, but held that the Dispositive Motion schedule will remain in effect;

6. On 03/06/06 the defendant filed a Motion for Leave to File Summary Judgment. In doing so, the defendant stated that upon receipt of the Court's order on 03/01/2006, he had worked diligently to finalize his Motion for Summary Judgment and that the late filing of said Motion will not prejudice the Plaintiff. Likewise, the defendant stated that his Motion for Summary Judgment was not finalized as of 03/01/2006, "due to the parties filing their joint Motion for a Reference to Mediation in an effort to resolve this case without having to file such a motion;"

7. The Plaintiff believes that the defendant's Joint Motion for a Reference to Mediation was nothing more than a means to uphold his untimely filed Motion for Summary Judgment.

2

On 02/28/2006, the day before the deadline for filing dispositive Motions, the plaintiff was contacted by the defendant's representative and informed that a Motion to dismiss was going to be filed. Although the defendant subsequently stated that his initial contact regarding his Motion to dismiss was to discuss the content of said Motion, this account is not accurate. At no time did the defendant discuss the content of his Motion with the plaintiff on 02/28/2006. And, based on the defendant's admissions concerning said Motion, the defendant was not in a position to do so, since his Motion was not complete on or near 02/28/2006;

9. The defendant could have initiated mediation discussions/efforts with the plaintiff at any time prior to 02/28/2006. The defendant's inactions relative to mediation, demonstrate his pursuit to dismiss the plaintiff's case and only when faced with an untimely Motion, did the defendant then turn to mediation in an attempt to maintain the integrity of his Motion. Although the plaintiff has never opposed mediation efforts, he has been frustrated by its results to date. To create the opportunity to prematurely dismiss the plaintiff's case and/or to manifest an undue burden on the plaintiff relative to trial preparation at this time will only serve to harm the plaintiff's case.

Therefore, based on the arguments herein and the plaintiff belief that he has been harmed relative to the defendant's Motions, the plaintiff moves this Court to reconsider its' Order granting same.

Respectfully submitted,

*[signature]*

Date: 03/27/2006

Anthony P. Sibilia, *pro se Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on March 27, 2006, I caused a copy of the foregoing to be served on the Defendant's representative by *hand-delivery* to:

Rayford A. Farquhar, Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210