UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 APR 11 P 1:09

U.S. DISTRICT COURT
DISTRICT OF MASS.

ANTHONY P. SIBILIA,
    Plaintiff

v.

JOHN W. SNOW,
SECRETARY OF THE TREASURY,
    Defendant

CIVIL ACTION
NO. 05-10096-PBS

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT ORDER ALLOWING DEFENDANT TO FILE AN UNTIMELY MOTION FOR SUMMARY JUDGMENT AND/OR IN THE ALTERNATIVE, PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BY APRIL 14, 2006 AND PLAINTIFF'S MOTION FOR COURT TO POSTPONE RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNTIL AFTER MEDIATION**

Anthony P. Sibilia, pro se Plaintiff, hereby moves this honorable Court to reconsider its [03/07/2006] order allowing Defendant to file an untimely Motion for Summary Judgment or in the alternative, Plaintiff hereby moves this Court to permit Plaintiff to file his Opposition to Defendant's Motion for Summary Judgement by April 14, 2006. Plaintiff also moves this Court to postpone its ruling on Summary Judgment until after the parties' mediation. Plaintiff's Motion is based on the following grounds:

1. On 06/16/2005 this Court issued a Scheduling Order that set forth time frames relative to discovery and other related Motions, including Dispositive Motions. In particular, this Court set a 3/01/06 deadline for the filing of Dispositive Motions;

2. On 02/28/2006, counsel for the defendant, [Rayford A. Farquhar], contacted Plaintiff to inform Plaintiff that he was going to file a Motion to Dismiss on that date, 2/28/06. During the conversation that ensued, Attorney Farquhar discussed Plaintiff's ongoing discrimination claims/matters, as well as incidental settlement matters. The conversation ended when it was determined that a potential settlement could not be reached. As a result, Attorney Farquhar

stated that he would file his Motion to Dismiss. Attorney Farquhar did not discuss the grounds for his Motion or the possibility of mediation at any point during our conversation.

3. Within minutes of the above call on February 28, 2006, Attorney Farquhar called me back regarding the potential to mediate my claim (05-10096), as well as other related claims that I have also filed. During this second call, the potential for mediation of my claim was discussed at length. As a result of said discussion, we agreed to mediation. The defendant indicated that he would file the joint Motion for Mediation and as an aside; he would request an extension date for filing Dispositive Motions. The Plaintiff agreed based on the defendant's representations that: (1) mediation efforts, which have previously failed would now be pursued more favorably; and (2) the defendant's Motion to Dismiss would no longer be filed on 02/28/2006, but rather, Defendant would preserve his right to file same by requesting an extension from this Court so that we could pursue a meaningful mediation. The plaintiff was given a precarious choice: mediate or face Defendant's immediate Motion to Dismiss. Since I am interested in resolving this matter, I chose mediation;

4. On 03/01/06 this Court allowed the Joint Motion for Mediation, but held that the Dispositive Motion schedule will remain in effect;

5. On 03/06/06 the defendant filed a Motion for Leave to file a late Motion for Summary Judgment and on 03/10/06, Plaintiff received Defendant's Motion For Summary Judgment. Plaintiff opposed this motion on 3/15/06, and this Court subsequently allowed Defendant's Motion to extend deadline, on 03/27/06.

6. Plaintiff's has been unduly burdened and greatly prejudiced by Defendant's actions and this Court's allowance of Defendant's Motion. This case (along with several other related cases) dates back over the course of 10 years. Counsel for Defendant has changed hands, meaningful settlement efforts have been ignored and/or were merely an after thought by the Defendant and the Plaintiff has been manipulated by experienced litigators and the Defendant's resources by obtaining my consent through promises of a speedier and more favorable result. In the meantime, my work environment has not change and/or improved.

7. Meaningful efforts at mediation do not start on the eve of a summary judgment deadline and references to same by counsel for the defendant in his motion are disingenuous at best;

8. Plaintiff has been preparing for the mediation that was agreed upon by Defendant's counsel. Plaintiff also worked on the opposition to Defendant's Motion to depart from the established time standards and Defendant's Motion for Summary Judgment. Plaintiff's trial preparation is also on-going. In light of counsel's late service, the consequent motions and oppositions and the intensive preparations required of Plaintiff who remains pro se and is working full time, Plaintiff requests a 4 day extension to file my Opposition to Defendant's Motion for Summary Judgement by April 14, 2006; and

9. In keeping with this Court's allowance of the parties Joint Motion for Mediation and the subsequent motions, Plaintiff requests this honorable Court to postpone its ruling on Summary Judgment until after the parties have completed a meaningful mediation.

10. WHEREFORE, based on the arguments herein and the plaintiff belief that he has been harmed relative to the defendant's Motions, the plaintiff moves this Court to reconsider its' Order granting same, or in the alternative, to allow Plaintiff's Opposition by April 14, 2006 and to postpone its ruling on Summary Judgment until after the parties have completed a meaningful mediation. Respectfully submitted,

Anthony P. Sibilia,
*pro se* Plaintiff

Date: 04/11/2006

CERTIFICATE OF SERVICE I certify that on April 11, 2006, I caused a copy of the foregoing to be served on the Defendant's representative by hand-delivery to:

Rayford A. Farquhar, Assistant U.S. Attorney, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210